U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 16 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PHILLIP N. RADENBAUGH, §
　　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
VS. § NO. 4:13-CV-339-A
　　　　　　　　　　　　　　　§
STATE FARM LLOYDS, §
　　　　　　　　　　　　　　　§
　　　　　Defendant. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant, State Farm Lloyds, to dismiss for failure to state a claim upon which relief may be granted. After having considered such motion, the response thereto of plaintiff, Phillip N. Radenbaugh, defendant's reply, the allegations of the amended complaint, and pertinent legal authorities, the court has concluded that such motion should be granted.

I.

Background and Procedural History

Plaintiff initiated this action in the District Court of Palo Pinto County, Texas, 29th Judicial District, on March 4, 2013, by the filing of a complaint asserting five causes of action against defendant -- breach of contract, violations of the Texas Insurance Code, breach of duty of good faith and fair dealing, bad faith, and violations of the Texas Deceptive Trade

Practices-Consumer Protection Act ("DTPA"). On April 25, 2013, defendant removed the action to this court.

On May 29, 2013, the court, as authorized by Rule 81(c) of the Federal Rules of Civil Procedure, ordered plaintiff to replead so that his pleadings would comply with the federal court pleading standards. The replead order pointed out that the federal rules of pleading differ from those of Texas state court. The order (1) called plaintiff's attention to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, particularly as interpreted by Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007), and (2) directed that plaintiff "should file an amended complaint that complies with the requirements of Rule 8(a), Rule 10, and, if applicable, Rule 9, of the Federal Rules of Civil Procedure." May 29, 2013 Order at 2.

On June 14, 2013, plaintiff filed an amended pleading under the title "Plaintiff's Amended Complaint." With slight modifications, some of which were cosmetic only, plaintiff's amended pleading basically was a repeat of his state court pleading.[1] The amended pleading, again, in a conclusory way,

---

[1] One of the cosmetic modifications was that the two-sentence paragraph 5 on page 2 of his original pleading, Notice of Removal, App. at 005, became in his amended pleading two one-sentence paragraphs 5 and 6, Am. Compl. at 2nd unnumbered page, which, collectively, said the same thing plaintiff said in paragraph 5 of his original pleading.

alleged breach of contract, violations of the Texas Insurance Code, breach of duty of good faith and fair dealing, bad faith, and violations of the DTPA causes of action.

On June 25, 2013, defendant filed its motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted. Summed up, the grounds of defendant's motion were that (1) plaintiff failed to make the requisite allegations of fact, as distinguished from conclusory allegations, as required by Rule 8 of the Federal Rules of Civil, and, thereby, failed to comply with the Supreme Court's mandates in <u>Iqbal</u> and <u>Twombly</u>; and, (2) to the extent that Rule 9 of the Federal Rules of Civil Procedure applies, plaintiff failed to comply with that Rule.

Plaintiff responded to the motion contending that Rule 9 has no applicability to the allegations made in the amended complaint and that the allegations of the amended complaint complied with the requirements of Rule 8.

II.

<u>Analysis</u>

A. <u>Applicable Standards</u>

1. <u>Failure to State a Claim Standard</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading.

3

It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

4

reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

2. Rule 9(b) Standard

The Fifth Circuit has made clear that Rule 9(b) requires, at a minimum, that a plaintiff set forth in the complaint the "who, what, when, where, and how" of any alleged fraud. United States ex rel. Williams v. Bell Helicopter Textron, 417 F.3d 450, 453 (5th Cir. 2005) (internal quotation marks omitted). The particularity requirements of Rule 9(b), as the Fifth Circuit applies the Rule, "requir[e] a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Herrmann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks omitted). In Williams v. WMX Technologies, Inc., the Fifth Circuit explained that "[p]leading fraud with particularity in this circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." 112 F.3d 175, 177 (5th Cir. 1997) (internal quotation marks omitted).

5

B.  **Applying the Applicable Standard to the Claims Alleged in the Amended Complaint**

   1.  **The Breach of Contract Claim Alleged as the First Cause of Action**

Plaintiff's breach of contract claim is his First Cause of Action, which reads as follows:

> 24.  The Plaintiff PHILLIP N. RADENBAUGH and the Defendant STATE FARM LLOYDS entered into an insurance contract for the property in question.
>
> 25.  The Defendant breached the insurance contract.
>
> 26.  The breach by the Defendants [sic] has caused substantial harm to the Plaintiff.

Am. Compl. at 4th unnumbered page.

Standing alone, the breach of contract allegations obviously do not satisfy the Rule 8 pleading standards as explained in Twombly and Iqbal. There simply is no factual specificity, such as specificity as to the kind of insurance contract at issue, the pertinent provisions of the contract at issue, the conduct on the part of defendant that constituted a breach of a contractual provision, or any specific harm suffered by plaintiff from such a breach. The court now turns to the "Factual Background" section of the amended pleading to determine whether the missing breach of contract factual allegations can be found there. That section

of the pleading, paragraphs 5-22, reads in its entirety as follows:

> 5. Plaintiff PHILLIP N. RADENBAUGH'S (Plaintiff) home located at 1003 Red Bud Point, Graford, Texas 76449 suffered a covered loss.
>
> 6. His home suffered fire damage (Claim No: 43-059X-942) on or about April 18, 2011.
>
> 7. More specifically, on or about April 18, 2011 PHILLIP N. RADENBAUGH'S house located at 1003 Red Bud Point, Graford, Texas 76449 (The Property) received extensive smoke and ash damage from the Bastrop Wildfires.
>
> 8. The Plaintiff filed an insurance claim with the Defendant for the extensive damage caused by the fires.
>
> 9. The Defendant assigned the Plaintiff Claim No.: 43-059X-942.
>
> 10. On or around December 5, 2011, Defendant composed a letter and estimate to RADENBAUGH for the cleaning of The Property in the amount of $15,199.09.
>
> 11. Defendant's letter to Plaintiff regarding the estimate and payment only spoke to the reasons for receiving the amount for cleaning, not at how Defendant came to the conclusion that no other repairs were necessary to The Property.
>
> 12. On or around January 17, 2012, Defendant received a letter by fax from RADENBAUGH'S representative (Insurancebusters.net) stating the remaining issues needing to be addressed in regards to The Property.
>
> 13. The letter contained all remaining issues with The Property, as well as, what would be needed to alleviate them and place Plaintiff back into pre-loss condition.

14. The letter received by Defendant also had a study by the I.I.C.R.C. (Institute of Inspection, Cleaning and Restoration Certification) attached.

15. The Letter put forth the suggested standard of safe removal of the soot as well as the standard to safely remove the odor as well.

16. Defendant received an Exactimate® estimate from Plaintiff's representative (Insurancebusters.net) showing that the cost of repairs for The Property were $142,609.24 after Defendant had tendered an estimate of only $15,199.09 for merely cleaning services.

17. Upon information and belief, discovery is expected to reveal that the Defendant paid multiple claims for damages and not merely cleaning services to other insured within The Property's immediate proximity.

18. Defendants [sic] received an attachment produced by the I.I.C.R.C. regarding the dangers and effects of prolonging the exposure to the smoke and soot, yet did not take the necessary steps to have the problems remedied.

19. Defendants received an Exactimate® estimate from Plaintiff's representative (Insurancebusters.net) showing that the cost of properly repairing The Property to a safe inhabitable dwelling was $142,609.24 after Defendant had tendered an estimate of only $15,199.09 for merely cleaning services.

20. The Defendant has completely failed to fairly, adequately and promptly adjust the Plaintiff's claim.

21. Defendant has failed to properly handle the claim in accordance with the laws enumerated in the Texas Insurance Code as well as the customary standards utilized in the insurance industry.

22. The Defendant's complete failure to properly handle the claim has caused the Plaintiff to suffer serious damages.

8

Am. Compl. at 2nd and 4th unnumbered pages.

Significantly, plaintiff never alleges that defendant issued an insurance policy to him, much less that he had any particular kind of insurance coverage under any policy issued by defendant. Paragraph 17 of the Factual Background suggests that perhaps plaintiff's real complaint is that he has learned that other persons received payments of some kind from defendant that plaintiff did not receive and that plaintiff, therefore, thinks he should receive payments that defendant is not willing to make to him. There is no allegation of the existence of any insurance policy contract between plaintiff and defendant that provides that plaintiff has the contractual right to whatever he says in paragraph 17 he should receive from defendant.

No plausible cause of action for breach of contract can be stated unless there is an allegation as to the exact nature of the contract, including a statement as to defendant's obligations under the contract, how defendant failed to comply with its contractual obligations, and how that damaged plaintiff. Plaintiff's pleading fails to include a statement of any of those facts.

Therefore, defendant's motion is being granted as to the First Cause of Action.

9

2. <u>Preface to Discussion of Other Causes of Action</u>

Inasmuch as all the other causes of action alleged by plaintiff presuppose that plaintiff has a viable breach of contract claim to which the extra-contractual claims can attach, the failure of plaintiff to plead a plausible breach of contract claim is, in itself, fatal to all of the other "causes of action." Nevertheless, the court is discussing under separate headings below additional reasons why none of the other causes of action can survive a <u>Twombly</u> and <u>Iqbal</u> analysis.

3. <u>The Texas Insurance Code Violations Alleged in the Second Cause of Action</u>

Plaintiff's Second Cause of Action asserts that defendant violated certain provisions of the Texas Insurance Code. He alleged as to that cause of action the following:

> 27. The Defendant has failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060(a)(2)(A) (formerly Art. 21.21 Section 4(10)(ii)).
>
> 28. Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.
>
> 29. Defendant failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060(a)(3) (formerly Art. 21.21 Section 4(10)(iv).

10

>    30. Defendant refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.0[6]0(a)(7) (formerly Art. 21.21 Section 4(10)(vii)).

Am. Compl. at 4th and 5th unnumbered pages.

The Insurance Code provisions plaintiff claims in paragraphs 27, 29, and 30 that defendant violated read as follows:

> § 541.060. Unfair Settlement Practices
>
> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>
> * * * * *
>
>    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>
>       (A) a claim with respect to which the insurer's liability has become reasonably clear; or
>
> * * * * *
>
>    (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>
> * * * * *
>
>    (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim . . . .

11

Tex. Ins. Code Ann. §§ 541.060(a)(2)(A); 541.060(a)(3); and 541.060(a)(7).

The complaint contained no allegations providing the details of when or how the alleged misconduct occurred. Rather than to allege specific facts applicable to this case, plaintiff does no more than to make formulaic recitations of the statutory provisions. The Supreme Court said that allegations of that kind are not adequate. <u>Twombly</u>, 550 U.S. at 555. The allegations do not allege facts that provide a basis for a conclusion that plaintiff has any plausible, factually based cause of action against defendant under the Texas Insurance Code.

While plaintiff does not make reference to a section of the Texas Insurance Code in his paragraph 28 allegations, the court thinks likely that plaintiff was referring to section 542.003(b)(3) of the Texas Insurance Code, which provides that "failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies" constitutes an unfair claim settlement practice. The defects in plaintiff's pleadings of Code violations in paragraphs 27, 29, and 30 of the amended complaint, as described above, are equally applicable to the allegations in paragraph 28. They are nothing more than conclusory formulaic recitations of the statutory provision.

Therefore, defendant's motion is being granted as to the Second Cause of Action.

    4.    <u>The Breach of Duty of Good Faith and Fair Dealing Claim Alleged as the Third Cause of Action</u>

Plaintiff's breach of duty of good faith and fair dealing claim is his Third Cause of Action, which reads as follows:

> 31. Defendant, STATE FARM LLOYDS, as PHILLIP N. RADENBAUGH'S property coverage insurer, had a duty to deal fairly and in good faith with the Plaintiff in the processing of the property claim.
>
> 32. The Defendant breached this duty by refusing to properly investigate and effectively denying insurance benefits.
>
> 33. Defendant knew or should have known that there was no reasonable basis for denying or delaying the required benefits.
>
> 34. As a result of Defendants [sic] breach of these legal duties, the Plaintiff has suffered legal damages.

Am. Compl. at 5th unnumbered page.

A basic shortcoming of plaintiff's breach of duty of good faith and fair dealing claim is that no facts are alleged in support of the conclusory statement that "Plaintiff has suffered legal damages." A breach of such a duty is actionable in Texas only if the alleged conduct caused actual damages to the insured beyond breach of contract damages. See <u>Tracy v. Chubb Lloyds Ins. Co. of Tex.</u>, 2012 WL 2477706, *5 (N.D. Tex. 2012). <u>See</u>, <u>also</u>, <u>Vaughan v. Hartford Cas. Ins. Co.</u>, 277 F. Supp. 2d 682, 690

(N.D. Tex. 2003); <u>Wellisch v. United Serv. Auto. Ass'n</u>, 75 S.W.3d 53, 59 (Tex. App.--San Antonio 2002, pet. denied). The mere conclusory allegation that "Plaintiff has suffered legal damages" as a result of "Defendants [sic] breach of these legal duties" does not provide the factual basis for a plausible common law cause of action. Moreover, plaintiff fails to allege any factual basis for the conclusory allegations alleged in paragraphs 32 and 33 of the amended complaint. Therefore, defendant's motion is being granted as to the Third Cause of Action.

5.  <u>The "Bad Faith" Cause of Action</u>

The Fourth Cause of Action clearly is governed by the Rule 9(b) standard. It is worded as follows:

> 35. Defendant acted fraudulently and with malice (as that term is legally defined) in delaying payment on PHILLIP N. RADENBAUGH'S claim for property coverage benefits.
>
> 36. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of PHILLIP N. RADENBAUGH.

Am. Compl. at 5th and 6th unnumbered pages. Plaintiff does not even purport in the amended complaint to comply with the court's order that he satisfy the pleading standard of Rule 9, where applicable. The Rule 9 pleading standard obviously is applicable to the "acted fraudulently and with malice" allegations. Yet, plaintiff provides no insight as to what he referred to by the

14

"fraudulently and with malice" allegations. Much less does plaintiff provide the "who, what, when, where, and how" specificity required by Rule 9. Nor does plaintiff provide the required factual specificity as to his contention that defendant "proceeded with conscious indifference to the rights, safety, or welfare of [plaintiff]."

Moreover, plaintiff fails to allege that he suffered any damages, independent of breach of contract damages, by reason of whatever he refers to in his "Bad Faith" cause of action, thus failing to allege in any respect an essential element of a common law bad faith cause of action. See Wellisch, 75 S.W.3d at 59.

Therefore, defendant's motion is being granted as to the Fourth Cause of Action.

6. The DTPA Cause of Action

Plaintiff's Fifth Cause of Action purports to assert a claim under the DTPA. It is worded as follows:

> 37. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices.
>
> 38. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

Am. Compl. at 6th unnumbered page (footnote omitted).

15

Considering that the DTPA cause of action is predicated on findings of violations by defendant of the Texas Insurance Code, the failure of plaintiff to allege any causes of action under the Texas Insurance Code, without more, causes the allegations in paragraphs 37 and 38 of the amended complaint not to state a viable claim against defendant under the DTPA. More basically, the allegations in paragraphs 37 and 38 are pure conclusory allegations that provide none of the requisite factual information that would be so essential to the statement of a plausible DTPA claim. Moreover, there is no suggestion that plaintiff suffered any damage from any conduct that he asserts violated the DTPA. See Tracy, 2012 WL 2477706 at 5. Therefore, defendant's motion is being granted as to the Fifth Cause of Action.

C. The Court is Not Ordering that Plaintiff be Permitted to File an Amended Complaint

After having considered whether plaintiff should be given an opportunity to file another amended complaint, the court has concluded that such an order would be inappropriate.

On May 29, 2013, the court ordered plaintiff to file an amended pleading in compliance with the federal pleading requirements. Plaintiff has not given any valid excuse for his noncompliance, nor has he filed a motion asking for permission to

amend his complaint or suggested that an amended complaint would correct his pleading deficiencies. Considering that background, together with the fact that defendant has been out the expense of the motion to dismiss proceedings, the interests of justice would not be served by allowing the plaintiff to file another amended pleading.

IV.

Order

For the reasons given above,

The court ORDERS that the motion of defendant to dismiss for failure to state a claim upon which relief may be granted be, and is hereby, granted; and

The court further ORDERS that all claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed.

SIGNED August 16, 2013.

_____
JOHN McBRYDE
United States District Judge